IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KHALIL MURRAY | : | CIVIL ACTION |
| --- | --- | --- |
| | : | NO. 10-1014 |
| v. | : | |
| | : | |
| C/O ALLEN, ET AL. | : | |
| | : | |

O'NEILL, J.                                                         October 21, 2010

### **MEMORANDUM**

Plaintiff Khalil Murray filed a pro se complaint alleging violations under the Civil Rights Act, 42 U.S.C. § 1983. Presently before me are a motion to dismiss filed by defendant Aramark Correctional Services, LLC (misidentified in Murray's complaint as Aramark Food Corporation) and plaintiff's responses to Aramark's motion.[1] For the following reasons, I will dismiss Murray's claims against Aramark.

### BACKGROUND[2]

Murray asserts that he was served a burrito containing a tooth on July 22, 2008 while incarcerated at the Curran Fromhold Correctional Facility. He asserts that his "back teeth crunched down on somebody's tooth . . . " and that "[o]nce [he] realized that it was actually a tooth, [he] became nauseous and started vomiting." He claims that the back of his mouth was

---

[1] Murray's complaint also asserts claims against defendants Curran Fromhold Correctional Facility and Correctional Officer Allen.

[2] In reciting the factual background relevant to Murray's claims against Aramark, I take as true all well-pleaded factual allegations in Murray's complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (setting forth post-Twombly standard of review).

injured after he bit into the burrito, that he had headaches from the alleged injury to his mouth, that after the incident he was scared to eat food served at the prison, and that ultimately he had his top back tooth extracted on October 14, 2009 as a result of his having bitten down on the tooth in the burrito. Murray claims that Aramark violated his Eighth Amendment right against cruel and unusual punishment in that it "was responsible for the unsanitary food that left [him] injured, causing a danger to [him], as well as [his] health."

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must

now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950 . The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) . "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

Because Murray is a pro se litigant, I will consider his allegations of fact and make inferences where it is necessary and appropriate. Pleadings that are pro se must be held to "less stringent standards than formal pleadings drafted by lawyers." Dickerson v. Brooks, No, 06-289, 2007 WL 4689001, at *2 (W.D. Pa. Oct. 31, 2007), citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972). See also United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (noting that a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Pro se complaints, especially from civil rights plaintiffs, should be read liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). Prisoners in particular are often at an informational disadvantage that may prevent them from pleading the full factual

predicate for their claims. Id. at 233 n.6

DISCUSSION

To state a claim against Aramark under Section 1983, Murray must plead and prove both: (1) the deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States and (2) that Aramark deprived him of that right while acting under color of state law. 42 U.S.C. § 1983.[3] Murray's Section 1983 claim against Aramark fails because his allegations fail to establish that Aramark deprived him of his Eighth Amendment rights.

"Prison conditions constitute cruel and unusual punishment if they cause unquestioned and serious deprivations of basic human needs that deprive inmates of the minimal civilized measure of life's necessities." Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 417-18 (3d Cir. 2000) (citations and internal quotations omitted). It has been held that "[a]n occasional incident of a foreign object finding its way into [prison] food, while regrettable, does not raise a question of constitutional proportion." Sinclair v. Henderson, 331 F. Supp. 1123, 1126 (E.D. La. 1971). See also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.1985). cert. denied. 475 U S. 1096 (1986) ("The fact that [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Though Murrray's allegations may be stomach turning, they fail to establish an objectively serious claim of constitutional proportion. Other than the July 22, 2009 incident involving the burrito, Murray makes no other allegations that Aramark supplied him with food

---

[3] Section 1983 provides: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

containing teeth or other foreign objects or that was in any other way unwholesome. Courts have dismissed similar allegations for failure to rise to the level of a violation of the Eighth Amendment. For example, the court in Brown v. Canteen, Inc., No. 09-cv-1549, 2009 WL 4506867, at *2 (W.D. La. Dec. 3, 2009), dismissed the plaintiff's Eighth Amendment claim where the plaintiff's complaint "identified an isolated incident of finding a tiny piece of rock in his beans." The court held that "[p]laintiff has not alleged an objectively serious claim of constitutional proportion. Moreover, he has failed to allege that subjectively, any defendant acted with deliberate indifference or a culpable state of mind." Id. See also Smith v. Younger, No. 98-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of the plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter); Edwards v. Aramark Corr. Servs., No. 3:09CV-P160-S, 2009 WL 1360243 (W.D. Ky. May 13, 2009) (dismissing plaintiff's Section 1983 claim against Aramark where "[p]laintiff alleges one incident in which he consumed a piece of gravel in his meal. He does not allege that his prison diet is consistently nutritionally inadequate or that his food regularly or even often contains gravel."); Pavon v. Jurth, No. 4:07CV3020, 2007 WL 4570373 (D. Neb Dec. 21, 2007) (granting Aramark's motion for summary judgment because the plaintiff's allegation that he was served a plate of food that was contaminated with vermin or worms did not constitute evidence that he was deprived of any right, privilege, or immunity secured by the Constitution and laws of the United States); Speech v. Ward, No. Civ. S-05-1403 FCD DAD P, 2006 WL 2849822, at *3 (E.D. Cal Oct. 4, 2006) (holding the plaintiff's allegations of a single incident of being served a meal contaminated with maggots "fail to state a cognizable claim for violation of the Eighth Amendment"); Tuggle v. Evans, 457 F. Supp. 1015 (D. Colo. 1978) (dismissing the plaintiff's

claim that he found foreign and inedible matter in prison food on four separate occasions for failure to allege a deprivation of a right protected pursuant to Section 1983); Lovern v. Cox, 374 F. Supp. 32, 35 (W.D. Va. 1974) ("Nor does an occasional incident of a foreign object discovered in prison food raise a question of constitutional proportions.").

Even if Murray's allegations pertaining to the tooth in the burrito were sufficient to establish the deprivation of his rights under the Eighth Amendment, his claims would still fail, as he has not alleged that the constitutional deprivations he claims were the result of an Aramark custom or policy. A private corporation like Aramark may be held liable for Section 1983 constitutional violations only if, while acting under color of state law, the corporation knew of and acquiesced in the deprivation of a plaintiff's rights. Miller v. City of Philadelphia, No. 96-3578, 1996 WL 683827, at *3-4 (E.D.Pa. Nov. 26, 1996), citing Monell v. New York City Dep't of Sec. Serv., 436 U.S. 658 (1978). To establish Aramark's liability, Murray must show that Aramark "with 'deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [Murray's] constitutional harm.'" Id. at *4, quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir.1989), cert. denied, 493 U.S. 1044 (1990). Aramark may be held liable "only if its policy or custom is the 'moving force' behind the constitutional violation." Sanford, 456 F.3d at 314. See also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir.2003) (footnote and citations omitted) (holding prison health care subcontractor could not be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability absent evidence of a relevant policy or custom, and evidence that the policy caused the alleged constitutional violation; Crawley v. Daviess Cty, Det. Ctr., No. 4:09CV-P81-M, 2009 WL 3335101, at * 3

(W.D. Ky. Oct. 15, 2009)(dismissing the plaintiff's Section 1983 claim against detention center for an incident involving a maggot in his food where he "[did] not allege that a governmental policy or custom existed that caused his alleged harm"); Duerson v. Marrow, No. 4:06CV-P003-M, 2006 WL 1473894, at * 3 (W.D. Ky. May 23, 2006) (holding no liability under Monell where plaintiff alleged that he was served a meal containing a live maggot in violation of a constitutionally sound policy to serve palatable meals).

Murray's allegations against Aramark are insufficient to raise a viable claim pursuant to Monell. "When 'challenging the constitutionality of a policy . . .' a plaintiff is not required to 'allege a sequence of constitutional deprivations; the claim that the policy resulted in the plaintiff suffering such a deprivation satisfies Monell.'" Doby v. DeCrescenzo, 171 F.3d 858, 868 (3d Cir. 1999), quoting Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990). However, Murray does not allege the existence of any Aramark policy or custom that would have led to the presence of a tooth in his burrito. Murray alleges only that Aramark was responsible for the burrito, that on the morning of July 23, 2008 Lieutenant Brown called down to the kitchen and spoke to someone from Aramark about the burrito, and that Lieutenant Brown later informed him "that Aramark people took the tooth." As alleged in his complaint, the incident appears to be an isolated occurrence. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing . . . policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion). This is because "a single incident of . . . misbehavior by a single [person] is insufficient as sole support for an inference that a municipal policy or custom caused the incident." Id. at 832 (Brennan, J.,

concurring); see also Brown v. City of Pittsburgh, 586 F.3d 263, 292 (3d Cir. 2009).

Accordingly, as pled, Murray's Section 1983 claim against Aramark fails. I will dismiss Murray's claims against Aramark without prejudice to the filing of an amended complaint.[4]

An appropriate order follows.

---

[4]Unless amendment would be inequitable or futile, pro se litigants should be granted leave to amend. See, e.g., Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004). Because it is not inconceivable that Murray could assert additional facts in an amended complaint sufficient to state a cognizable claim against Aramark, I will grant him 30 days to file an amended complaint. If Murray files an amended complaint, he should be aware that in order to state a Section 1983 claim against Aramark the amended complaint must identify both facts sufficient to establish a deprivation of his Eighth Amendment rights and facts showing a link between an Aramark custom or policy and the alleged Eighth Amendment violation.